UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLINTON WILSON

   Plaintiff,

v.                                             CASE NO.:

ONE MAIN FINANCIAL, INC.

                                           **JURY TRIAL DEMANDED**

   Defendant.

_____/

## COMPLAINT

1. Plaintiff, CLINTON WILSON ("Plaintiff") alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like ONE MAIN FINANCIAL, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

1

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6. The alleged violations described in the Complaint occurred in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

8. Plaintiff is an alleged debtor and a "consumer" as defined in Florida Statute 559.55(8).

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, ONE MAIN FINANCIAL, INC., ("Defendant"), is a corporation which was formed in Delaware with its principal place of business at 300 St. Paul Place, Baltimore, MD 21202 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12. Defendant called Plaintiff in excess of one hundred (100) times since October, 2014 on his cellular telephone number \*\*\*-\*\*\*-3506 in an attempt to collect a debt.

13. These calls received by Plaintiff from Defendant include but are not limited to the following sample:

    i. One call on October 21, 2014 at 12:00 pm;

    ii. One call on October 22, 2014 at 3:49 pm;

    iii. Three calls on October 27, 2014 at 11:00 am, 1:29 pm and 5:32 pm;

    iv. Two calls on October 28, 2014 at 11:00 am and 1:27 pm;

    v. Three calls on October 29, 2014 at 10:47 am, 1:04 pm and 5:02 pm;

    vi. Seven calls on October 30, 2014 at 10:48 am, 10:51 am, 1:27 pm, 2:54 pm, 4:48 pm, 5:02 pm and 5:50 pm;

    vii. Six calls on October 31, 2014 at 10:459 am, 11:13 am, 1:36 pm, 1:52 pm, 3:05 pm, 4:48 pm;

    viii. One call on November 12, 2014 at 10:32 am;

    ix. One call on December 1, 2014 at 4:57 pm;

    x. Five calls on December 2, 2014 at 11:19 am, 4:32 pm, 6:26 pm, 7:03 pm and 7:27 pm;

    xi. Four calls on December 3, 2014 at 12:22 pm, 7:19 pm, 8:23 pm and 8:50 pm;

    xii. Three calls on December 4, 2014 at 10:59 am, 12:56 pm and 6:14 pm;

    xiii. Six calls on December 5, 2014 at 10:09 am, 6:09 pm, 7:22 pm, 7:58 pm, 8:28 pm and 8:54 pm;

    xiv. Two calls on December 6, 2014 at 9:39 am and 11:36 am;

    xv. Two calls on December 7, 2014 at 3:09 pm and 4:28 pm;

    xvi. Two calls on December 8, 2014 at 12:47 pm and 7:08 pm;

    xvii. One call on January 5, 2015 at 2:03 pm;

    xviii. One call on January 6, 2015 at 8:58 am;

    xix. One call on January 7, 2015 at 8:19 am;

    xx. One call on January 8, 2015 at 8:58 am;

    xxi. Four calls on January 9, 2015 at 8:32 am, 2:31 pm, 8:09 pm and 8:30 pm;

    xxii. One call on January 10, 2015 at 10:35 am;

    xxiii. One call on January 11, 2015 at 5:15 pm;

    xxiv. Two calls on January 12, 2015 at 8:56 am and 2:46 pm;

    xxv. One call on January 13, 2015 at 8:32 am;

    xxvi. Two calls on January 14, 2015 at 8:19 am and 1:02 pm;

    xxvii. Two calls on January 15, 2015 at 8:55 am and 2:28 pm;

    xxviii. Two calls on January 16, 2015 at 8:34 am and 2:36 pm;

    xxix. One call on January 17, 2015 at 8:33 am;

    xxx. Three calls on January 18, 2015 at 3:22 pm, 5:16 pm and 5:55 pm;

    xxxi. Two calls on January 19, 2015 at 8:59 pm and 2:44 pm;

    xxxii. Two calls on January 20, 2015 at 8:36 am and 10:18 am;

    xxxiii. One call on January 21, 2015 at 8:23 am;

    xxxiv. Three calls on January 22, 2015 at 10:50 am, 2:42 pm and 3:26 pm;

    xxxv. Four calls on January 23, 2015 at 8:31 am, 2:31 pm, 8:28 pm and 8:50 pm

    xxxvi. One call on January 24, 2015 at 8:44 am;

    xxxvii. Once call on January 25, 2015 at 4:11 pm;

    xxxviii. Two calls on January 26, 2015 at 8:52 am and 8:45 pm;

    xxxix. Two calls on January 27, 2015 at 8:38 am and 4:20 pm;

    xl. One call on January 28, 2015 at 8:30 am;

    xli. Two calls on January 29, 2015 at 8:47 am and 2:32 pm;

    xlii. Three calls on January 30, 2015 at 2:19 pm, 2:31 pm and 8:31 pm;

    xliii. Two calls on January 31, 2015 at 8:15 am and 9:22 am

14. Defendant attempted to collect a debt from Plaintiff by this campaign of telephone calls.

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

17. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18. Each call Defendant made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

19. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

20. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the incorrect number.

21. Defendant's corporate policy is structured as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant to stop calling.

22. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

23. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however Defendant continues to call.

24. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

26. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the Telephone Consumer Protection Act "TCPA")

28. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

29. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

30. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**

32. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

35. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

36. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_/s/ Jared Lee_

Jared Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., Ste. 1600
Orlando, FL 32801
T: (407) 420-1414 / F: (407) 245-3485
JLee@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff